# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ANDREW JONES, individually** | § | **Docket No. _____** |
| **and on behalf of all others similarly situated** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **CRETIC ENERGY SERVICES, LLC** | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. §216(b)** |
| **Defendant.** | § | |

## COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1.      Andrew Jones ("Plaintiff"), individually and on behalf of all others similarly situated, brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Cretic Energy Services, LLC ("Cretic" or "Defendant").  *See* 29 U.S.C. § 216(b).  Plaintiff and the other workers like him typically worked in excess of forty (40) hours a week, but were not paid overtime compensation.  Instead of paying overtime as required by the FLSA, Defendant paid these workers a salary and a day-rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.    JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.      Defendant's corporate headquarters is located in Montgomery, Texas which is

located within this District and Division.

## III. THE PARTIES

5.     Plaintiff worked for Defendant as a Coil Tubing Pump Operator during the relevant statutory time period.  Throughout his employment with Cretic, Plaintiff was paid a salary and a day-rate and no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

6.     Plaintiff brings this action on behalf of himself and all other similarly situated workers who were improperly paid a salary and a day-rate without overtime compensation for hours that they worked in excess of forty (40) hours in a workweek.  The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL CURRENT AND FORMER EMPLOYEES OF CRETIC ENERGY SERVICES, LLC, EMPLOYED DURING THE PAST THREE (3) YEARS WHO RECEIVED A SALARY AND A DAY-RATE**

7.     Defendant is a Texas limited liability corporation licensed to do business throughout the State of Texas.  Defendant may be served by serving its registered agent(s) for service of process, National Corporate Research, Ltd., at 800 Brazos, Suite 400, Austin, Texas 78701.

## IV. COVERAGE UNDER THE FLSA

8.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10.     At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section

3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.    At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V.    FACTS

12.    Cretic is an oilfield services company providing well related services to oil companies and operators.  Cretic maintains significant operations throughout Texas and the rest of the United States.

13.    Plaintiff and the Putative Class Members worked for Cretic as coil tubing field crew members and were all paid a salary with a day-rate. While the exact job titles and job duties of these individuals may differ, these employees are all subjected to the same or similar illegal pay practices for similar work.

14.    For instance, Plaintiff worked for Cretic as a Coil Tubing Pump Operator during the operative time period.  In this regard, his job duties primarily included operating and tending to power-driven, stationary, or portable pumps and manifold systems to transfer gases, oil, and other liquids or powdered materials to and from various vessels and processes.  Plaintiff was paid a salary and a day-rate with no overtime compensation.

15.    Each and every one of the Putative Class Members, regardless of their specific job title at any given time, had the duty to drive (and regularly did drive) pickup trucks and other

vehicles weighing less than 10,001 pounds (gross vehicle weight or "GVW") in the ordinary course of Cretic's business.   For instance, once the entire coil tubing unit Putative Class Members utilized in the performance of their job duties was in stationary position at any given jobsite, Plaintiff and the other Putative Class Members would travel to-and-from the jobsite using pickup trucks and other vehicles weighing less than 10,001 pounds GVW.

16.    The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or the operator Defendant contracted with. Virtually every job function was pre-determined by Defendant and/or the operator Defendant contracted with, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.   The Putative Class Members did not have any supervisory or management duties.   Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

17.    The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members were generally scheduled to work substantially more than forty (40) hours a week. Instead of paying them overtime, Defendant paid the Putative Class Members a salary and a day-rate.  Defendant denied the Putative Class Members overtime for any and all hours worked in excess of forty (40) hours in a single workweek. As the controlling law makes clear, the manual labor/technical duties

4

which were performed by the Putative Class Members consist of *non*-exempt work. Therefore, Defendant owes back overtime wages to the Putative Class Members, all of whom work long hours each workweek well in excess of forty (40) hours.

## VI.   FLSA VIOLATIONS

18.     As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

19.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.  Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.   COLLECTIVE ACTION ALLEGATIONS

20.     Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

21.     The Putative Class Members all received a salary and a day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

22.     Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

23.     The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII.   Jury Demand

24.     Plaintiff demands a trial by jury.

### IX.     Relief Sought

25.     WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.      For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

6

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff (and those who have joined in the suit) pre- and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Michael A. Josephson*
**Michael A. Josephson**
Fed. Id. 27157
Texas Bar No. 24014780
**Lindsay R. Itkin**
Fed Id. 1458866
Texas Bar No. 24068647
**Andrew Dunlap**
Fed Id. 1093163
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND
BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
Fed. Id. 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

8