IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW JONES, individually, and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:15-cv-00051 |
| v. | § § | |
| CRETIC ENERGY SERVICES, LLC, | § § § | Collective Action Pursuant to 29 U.S.C. § 216(b) |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER

Plaintiff Andrew Jones ("Plaintiff") and Defendant Cretic Energy Services, LLC ("Cretic" or "Defendant") have stipulated and agreed to the following Agreed Protective Order, in order to facilitate discovery without costly and prolonged discovery disputes and to preserve the confidentiality of information either party considers sensitive, confidential, proprietary, or trade secret in nature. The parties agree that this Agreed Protective Order will be submitted to the Court for signing but that this Agreed Protective Order shall be in full force and effect as an Agreement at the time of its execution by counsel for the parties, even before the Court has signed the Order.

Accordingly, upon motion of the parties and pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED that:

    1.    All Confidential Information produced, made available, subpoenaed, used, or exchanged in the course of this litigation, including all deposition or other testimony, shall be disclosed only within and used solely for the purpose of preparation for and trial of this litigation and any appeals taken therefrom, and for no other purpose whatsoever,

1

and shall not be disclosed, directly or indirectly, alone or with or through others, in person or through telephonic, electronic, or telecopy communication or otherwise, to any person or entity or media of any sort except to the Qualified Persons as specified in this Order and in accordance with the terms hereof.  **Disclosure of Confidential Information to anyone not a Qualified Person or disclosure made to the general public through the Internet or any other means is strictly prohibited by this Order (with the exception of filings via the Court's Electronic Filing System).  This Agreed Protective Order is binding upon the parties as an agreement between them even before the Court signs this Order.**

2. "Confidential Information," as used herein, means any information of any type, kind or character which is designated "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, electronic communication (e-mail), information received by a subpoena or deposition on written questions or otherwise from a third party, expert or consultant, or testimony, information or exhibits used or revealed during a deposition, hearing, trial, interrogatory answer or otherwise.  Information or material which is available to the public at the time of disclosure shall not be Confidential Information. The term "document" is defined as provided in Rule 34(a) of the Federal Rules of Civil Procedure.

3. Information designated as "Confidential Information" shall be information that concerns private financial, employment, or medical information of Plaintiff Andrew Jones and/or any other individual who opts-in to this FLSA collective action ("Plaintiffs"); or confidential business information about Defendant Cretic Energy Services, LLC ("Defendant"), Defendant's affiliates or subsidiaries, current or former employees and agents, trade secrets or other

2

confidential research, or marketing, development, or commercial information of Defendant. The parties recognize, but do not necessarily agree that such Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions, and other documents related to the Plaintiffs' employment with Defendant, and Defendant's general business practices, financial matters, information regarding client/customer relationships, and technical, strategic, or other proprietary business information.

4. The producing party will make such a designation only as to those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or other sensitive information.

5. "Qualified Persons" for Confidential Information as used herein means:

    (a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary and in the regular course of business that the material be shown for purposes of this litigation;

    (b) Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to testifying or consulting experts, consultants, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

    (c) Any party to this litigation and a party's employees, officers, or directors necessary to assist in this litigation on behalf of that party;

    (d) Witnesses or potential witnesses to this litigation and their attorneys, but only to the extent the use and disclosure of Confidential Information to the witness or potential witness is in good faith believed by the disclosing party to be **necessary** to determine the witness' knowledge of relevant facts or for the witness to testify. Further, the witness or potential witness shall not be given a copy of any Confidential Information to keep for him/herself except during the time needed to determine his/her knowledge of relevant facts, to prepare such witness to give testimony in this case, or to complete his/her testimony;

    (e) The Court, the jury at trial, and the Court's personnel working on this case;

(f) Any certified court reporter retained to transcribe depositions or other testimony in this litigation, any videographer retained to videotape any depositions in this litigation, any interpreter/translator retained to interpret/translate any deposition or hearing in this litigation, or any mediator retained to mediate this litigation; and

(g) Any other person who may be designated as a Qualified Person by Order of this Court, after notice and hearing to all parties, or by written agreement of all parties appearing in this litigation.

6. Documents produced or obtained in this action may be designated by any party or parties as Confidential Information by marking each page of the document(s) so designated with a stamp stating "Confidential," or by sending written notice to the other party specifically identifying the documents to be so designated as Confidential Information. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged or otherwise used in this litigation. Originals shall be preserved for inspection.

7. Confidential Information obtained in deposition testimony will be handled as follows:

(a) Information disclosed at any deposition in this litigation may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

(b) Any party may also designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

(c) If during the course of a deposition, testimony is being elicited that one of the attorneys present believes is Confidential Information, all persons who are not Qualified Persons under Paragraph 3 above shall be excluded for the duration of such testimony.

(d) The court reporter and videographer (where applicable) shall indicate in bold type "Confidential" on the face of and on each page of each original deposition transcript or videotape containing information so classified and on each copy thereof in his/her possession, custody or control. A party who wishes to designate Confidential Information after the court reporter or videographer has released the transcript or videotape (as applicable) shall send written notice to the other party of the portion of the testimony to be so designated, within thirty (30) days of such release.

8. Copies of Confidential Information provided to a receiving party shall be maintained in the offices of counsel for Plaintiff and Defendant. Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Agreed Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

9. Documents previously produced which qualify as Confidential Information under this Agreed Protective Order shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. Documents unintentionally produced without designation as Confidential Information may be retroactively designated by reference to Bates numbers as soon as possible after the issue is discovered and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. The inadvertent or unintentional production of Confidential Information shall not alter the confidential nature and protection of the Confidential Information under this Agreed Protective Order.

10. Nothing herein shall prevent disclosure beyond the terms of this Agreed Protective Order if each party consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

11. A party shall not be obligated to challenge the propriety of the designation of any information as "Confidential," or the designation of any person as a Qualified Person, at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Agreed Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

12. The parties may, by stipulation, provide for exceptions to this Agreed Protective Order and any party may seek an order of this Court modifying this Agreed Protective Order.

13. Any party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM/ECF system of the court or may deliver the document for filing by the Clerk's Office. If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

### CONFIDENTIAL INFORMATION

[ case caption]

**This envelope, which is being filed under seal,
contains documents that are subject to a <u>Protective Order</u>
governing the use of confidential discovery material.**

14. The parties agree not to unnecessarily include Confidential Information in documents to be filed with the Court so as not to unnecessarily invoke the need for the procedures in Paragraph 13. Further, the parties agree that any ruling on protection, confidentiality, or sealing, including a failure to secure protection, a designation as Confidential Information, or sealing either before or after a document designated as Confidential Information is filed with the Court, has no effect on any party's claims or defenses in this Lawsuit or the application of the remaining terms of this Order and shall not render the information "publicly available" so as not to be covered by this Order. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to or mentioning any Confidential Information shall be subject to the provisions of this Agreed Protective Order.

15. Within sixty (60) days after conclusion of this litigation and any appeal thereof, any document or data or tangible things and all reproductions of documents or data or other tangible things produced by a party that contain Confidential Information, in

the possession of any of the persons qualified under Paragraphs 3(a) through (g), shall be returned to the producing party or destroyed by the recipient with written notification of the completed destruction given to the party who designated it as Confidential Information, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. Excluded from this provision is that one copy of the complete file for this litigation may be retained in the possession of each party's legal counsel pursuant to that counsel's normal recordkeeping and security policies. If a party disclosed any Confidential Information of another party to any third-party Qualified Persons during the course of this litigation, the party who disclosed the Confidential Information must retrieve all originals and copies from any third party in possession of such information and return it to the party who designated it as Confidential Information or destroy the information with written notice of the completed destruction given to the party who designated it as Confidential Information.

16. Unless ordered by the Court or agreed to by the parties thereto, this Agreed Protective Order and any other Protective Orders entered in this litigation which restrict the disclosure and use of any documents or information produced or obtained or used in this litigation shall remain in effect for the duration of this litigation, and the terms hereof shall continue to be binding indefinitely after the conclusion of this litigation, except (a) there shall be no restriction of documents that are used as exhibits in Court (unless, after objection from the designating party under Paragraph 12 above, the Court admits the documents under seal or some other limitation), and (b) a party may seek written permission from the producing party or the Court with respect to dissolution or modification of any Protective Orders.

17. Each party's outside counsel shall maintain: 1) a log of all copies of "Confidential" documents which are delivered to any one or more Qualified Person(s) of Paragraph 3 above. Any party designating any person as a Qualified Person or providing Confidential Information to any such Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Agreed Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Agreed Protective Order.

18. Nothing in this Agreed Protective Order shall preclude the parties from objecting to the scope of discovery or to any particular discovery request in this litigation. Specifically, nothing in this Agreed Protective Order shall be deemed a waiver or modification by the parties of any applicable privilege or objection to discovery recognized under federal law, the Federal Rules of Civil Procedure and the Federal Rules of Evidence, including any protection for inadvertent disclosure of privileged information.

19. Nothing in this Agreed Protective Order shall limit, affect, or otherwise govern the use a party may make of its own information or documents which it designates as Confidential Information.

20. Nothing in this Agreed Protective Order shall constitute a waiver or estoppel by any party of any defense or claim in this matter.

21. Except as set out herein, nothing in this Agreed Protective Order shall limit, affect or otherwise govern any other understandings or agreements between the parties concerning the confidential treatment to be accorded any document or

information. Further, this Order shall not bar any party from seeking any additional Protective Order or other protection as may be warranted.

22.     The terms and provisions of this Agreed Protective Order shall be binding upon and inure to the benefit of each party, as herein defined, its successors and assigns, together with any and all parent, subsidiary, related, and affiliated corporations and entities and their directors, officers, employees, agents, owners, representatives, or attorneys.

DONE AND ORDERED this __12th__ day of __August__, 2015.

_____
UNITED STATES DISTRICT JUDGE
HONORABLE SIM LAKE

APPROVED AND AGREED TO:

| | |
|---|---|
| /s/ Michael A. Josephson | /s/ Scott K. Davidson |
| MICHAEL A. JOSEPHSON | SCOTT K. DAVIDSON |
| FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON, LLP | LOCKE LORD LLP |
| STATE BAR NO. 24014780 | STATE BAR NO. 24031990 |
| FED ID NO. 27157 | SOUTHERN DISTRICT ID NO. 33037 |
| 1150 BISSONNET STREET | 600 TRAVIS STREET, SUITE 2800 |
| HOUSTON, TX 77005 | HOUSTON, TEXAS 77002 |
| (713) 751-0025 (TELEPHONE) | (713) 226-1305 (TELEPHONE) |
| (713) 751-0030 (FACSIMILIE) | (713) 229-2639 (FACSIMILE) |
| RICHARD J. (REX) BURCH | |
| BRUCKNER BURCH PLLC | |
| STATE BAR NO. 24001807 | |
| SOUTHERN DISTRICT ID NO. 21615 | |
| 8 GREENWAY PLAZA, SUITE 1500 | |
| HOUSTON, TEXAS 77046 | |
| (713) 877-8788 (TELEPHONE) | |
| (713) 877-8065 (FACSIMILE) | |
| | |
| ATTORNEY-IN-CHARGE FOR PLAINTIFF | ATTORNEY IN CHARGE FOR DEFENDANT |
| | |
| August 11, 2015 | August 11, 2015 |
| DATE | DATE |

HOU:0016778/00021:1451146v4